416 A.2d 489

**Ronald E. TOMASETTI and William J. Harper, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, GAME COMMISSION and Glenn L. Bowers, Director, Pennsylvania Game Commission, Appellees.**

Supreme Court of Pennsylvania.

Argued May 23, 1980.

Decided July 3, 1980.

James R. Ronca, Harrisburg, for appellants.

Ronald H. Skubecz, Deputy Atty. Gen., Edward G. Biester, Jr., Atty. Gen., Stuart M. Bliwas, Asst. Atty. Gen., for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On April 27, 1977 appellants Tomasetti and Harper, both of whom were commissioned as deputy game protectors, were called to a meeting at which the supervisor for the Southeast Division of the Pennsylvania Game Commission recalled their commissions and summarily discharged them from their duties as deputy game protectors. On May 13, 1977, the Executive Director of the Pennsylvania Game Commission issued a formal written approval of the dismissal. Appellants on August 14, 1978 formally requested a hearing regarding their discharge as required by the Game Law of 1937. The Commission denied the request for a hearing.

On September 5, 1978 appellants filed a complaint in mandamus in the Commonwealth Court and respondents filed objections in the nature of a demurrer. The case was submitted on briefs to the Commonwealth Court, and on November 19, 1979, the court filed an Opinion and Order sustaining respondent's preliminary objections and dismissing appellants' complaint. Tomasetti and Harper then appealed to this Court, seeking a reversal of the Commonwealth Court's Order and reinstatement of the complaint.

The main issue in the case is whether two sections of the Game Law of 1937, Act of June 3, 1937, P.L. 1225, Art. II, § 201, et seq. can be read in *pari materia* or whether the sections are in irreconcilable conflict. Section 208 of the Game Law, entitled "Deputy game protectors," provides, in pertinent part, as follows:

> The commission may appoint competent men throughout the Commonwealth to be known as *deputy game protectors*, in such numbers as the commission may deem necessary, *who shall possess the rights and powers given by law to game protectors* and be subject to all requirements and regulations, either of the law or of the rules of

the commission, controlling the action of such game protectors.

34 P.S. § 1311.208 (1967) (Emphasis added).

Section 206 of the Game Law, which discusses appointment and removal of game protectors, in pertinent part, provides as follows:

Game protectors and all other employes shall *be removable at the discretion of the commission* or may be suspended without compensation by the director pending action of the commission: *Provided, however, That prior to such removal all game protectors and other regular employes shall be given a fair and impartial hearing before the commission's established trial board,* unless the employe waives such hearing. The trial board's findings and recommendations shall be given due consideration by the commission.

34 P.S. § 1311.206 (1967) (Emphasis added).

■ The Commonwealth Court held that deputy game protectors are not "regular employees" within the meaning of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.3(*1*), which defines a regular employee as "[one] who has been appointed to a position in the classified service in accordance with this act after completing his probationary period." Since appellants were not classified, the lower court found that they were not "regular employees." We disagree, however, that this definition of "regular employees" is controlling. Section 208 of the Game Law of 1937, Act of June 3, 1937, P.L. 1225, Art. II, § 208, 34 P.S. § 1311.208 must be read in conjunction with section 206 of the Act. 34 P.S. § 1311.206. When so read, deputy game protectors must be given "a fair and impartial hearing before the commission's established trial board, . . ."

■ Section 208 gives deputy game protectors "the rights and powers given by law to game protectors," and Section 206 provides that game protectors "and other employees" are given the right to a fair hearing before removal from office. Reading the two sections together, it must be con-

cluded that deputy game protectors have the right to a hearing prior to removal from office, because they have the same rights as game protectors.

We conclude, therefore, that appellants' right to a hearing is stated in the Game Law. Their request for a hearing, therefore, was improperly denied. The order of the Commonwealth Court will be reversed and the case remanded to that court with directions to reinstate appellants' complaint. If the Commonwealth wishes to remove appellants from their positions, it shall grant them, as they have requested, fair and impartial hearings.

Order of the Commonwealth Court reversed and case remanded for proceedings consistent with this opinion.

EAGEN, C. J., did not participate in the consideration or decision of this case.